O

# United States District Court
# Central District of California

| | |
|---|---|
| MARTIN BRIONES et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENN ESCROW et al., <br><br> Defendants. | Case № 2:20-cv-00454-ODW (RAOx) <br><br> **ORDER GRANTING DEFENDANT U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [22]** |

## I.   INTRODUCTION

Before the Court is Defendant U.S. Department of Housing and Urban Development's ("HUD") Motion to Dismiss the First Amended Complaint ("Motion"). (Mot. to Dismiss ("Mot."), ECF No. 22.) For the reasons that follow, the Court **GRANTS** the Motion.[1]

## II.   BACKGROUND

In their First Amended Complaint, Plaintiffs Martin Briones and Shanell Briones allege that, during Plaintiffs' refinance of their home loan, Defendants Penn Escrow and Nationstar Mortgage LLC failed to clear all of Plaintiffs' loan obligations, including a loan from HUD, which Plaintiffs have now been failing to make payments

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

on. (First Am. Compl. ("FAC") ¶¶ 1, 2, 9, ECF No. 10.) Plaintiffs allege six claims against Defendant HUD: breach of contract and estoppel, breach of good faith and fair dealing, declaratory judgment and injunctive relief, violation of the Federal Debt Collection Practices Act,[2] and violation of the California Business and Professions Code. (*Id.* ¶¶ 89–118, 132–183.)

Defendant HUD now moves to dismiss for lack of subject matter jurisdiction.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Regardless of the type of motion asserted under Rule 12(b)(1), the plaintiff always bears the burden of showing that federal jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994); *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd* 56 F.3d. 1177 (9th Cir. 1995).

### IV.  DISCUSSION

Defendant HUD argues this Court lacks subject matter jurisdiction because any contract claim against the government in excess of $10,000 must be brought in the Court of Federal Claims. (Mot. 4–5.) As to the remaining claim, HUD argues that the government has not waived sovereign immunity, which bars this action against it. (Mot. 5–7.)

Generally, the United States can assert sovereign immunity against lawsuits or consent to them. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Such consent

---

[2] In their Opposition, Plaintiffs dismissed their FDCPA claim as to Defendant HUD. (Opp'n to Mot. ("Opp'n"), ECF No. 28.)

defines the jurisdiction of the court to hear an action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). Congress can, of course, waive sovereign immunity. *See, e.g.*, *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). However, such a waiver "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

### A. Plaintiffs' Contract Claims

Whether the Court has jurisdiction over Plaintiffs' claims sounding in contract, requires analysis of "the two principal federal statutes authorizing suit against the United States: the Tucker Act and the Little Tucker Act." *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008). The Tucker Act, 28 U.S.C. § 1491(a)(1), "provide[s] for jurisdiction solely in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages," and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), provides "concurrent district court jurisdiction over claims seeking $10,000 or less." *McGuire*, 550 F.3d at 910–11.

Plaintiffs' claims for breach of contract, breach of good faith and fair dealing, and declaratory or injunctive relief fall within the scope of the Tucker Act as they seek more than $10,000 in damages and are founded "upon [an] express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).

Plaintiffs disingenuously argue that the breach of contract claim seeks only equitable relief and not monetary damages. (Opp'n 8–9.) Requesting the Court to prevent enforcement of a contract in which HUD is attempting to assess "over $36,000" is, in fact, a claim seeking more than $10,000 in damages. Plaintiffs' First Amended Complaint similarly makes this clear as Plaintiffs allege HUD's assessment of interest charges, penalties, and administrative costs are all in breach of the contract and should not be assessed. (FAC ¶¶ 109, 110, 117). Plaintiffs' attempt to characterize their breach of contract claim as a claim that seeks no damages defies the very essence of a contract claim: damages. *St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co.*, 101 Cal. App. 4th 1038, 1060 (2002) ("An essential

element of a claim for breach of contract are damages resulting from the breach.") (emphasis omitted).

Furthermore, to the extent Plaintiffs' other contract claims assert a promissory estoppel theory or seek injunctive relief, even without seeking damages, those claims similarly fall within the Tucker Act. *See N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1486 (9th Cir. 1985) (finding an impracticability claim that was not seeking damages as "concerned solely with the rights created within the contractual relationship" and therefore within the Tucker Act and "subject to its restrictions on relief"); *Jablon v. United States*, 657 F.2d 1064, 1070 (9th Cir. 1981) (analyzing claims under the Tucker Act and holding that "the government has not waived its sovereign immunity with regard to a promissory estoppel cause of action"). In fact, Plaintiffs concede that their declaratory and injunctive relief claim "arises from the contract." (Opp'n 10.)

Accordingly, Plaintiffs have failed to meet their burden in proving that the Court has jurisdiction over its contracts claims. The Court therefore **DISMISSES WITH PREJUDICE** Plaintiffs' second, third, and fifth claims against Defendant HUD.

**B.    Plaintiffs' Remaining Claim**

Plaintiffs' only remaining claim against Defendant HUD is an alleged violation of the California Business and Professions Code. The United States has not waived "its sovereign immunity to be sued under California's Unfair Competition Law." *A.C.L. Computers & Software, Inc. v. United States*, No. 16-CV-01485-SK, 2017 WL 6060267, at *4 (N.D. Cal. Mar. 13, 2017), *aff'd*, 727 F. App'x 376 (9th Cir. 2018); *see Bonner v. Med. Bd. of California*, No. 2:17-CV-00445-KJM-DB, 2018 WL 4699996, at *5 (E.D. Cal. Sept. 30, 2018).

The Court therefore **DISMISSES WITH PREJUDICE** Plaintiffs' seventh claim as to Defendant HUD.

Furthermore, this matter was removed pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of civil actions against United States or its agencies.

(Notice of Removal ¶ 3, ECF No. 1.) Without HUD in this action, the Court lacks jurisdiction on this basis. Furthermore, as the remaining Defendants are non-diverse to Plaintiffs, this case lacks diversity jurisdiction or subject matter jurisdiction on any other basis. (FAC ¶ 27.) Accordingly, the Court **DISMISSES as moot**, Defendant Nationstar Mortgage LLC's Motion for Judgment on the Pleadings (ECF No. 49) and **REMANDS** this action.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss. (ECF No. 22.) As no claims remain against Defendant HUD, the Court hereby **DISMISSES Defendant U.S. Department of Housing and Urban Development WITH PREJUDICE**.

Furthermore, as the Court lacks subject matter jurisdiction over the matter, the Court **DISMISSES as moot**, Defendant Nationstar Mortgage LLC's Motion for Judgment on the Pleadings (ECF No. 49) and **REMANDS** this action to 111 N. Hill Street, Los Angeles, CA 90012.

**IT IS SO ORDERED.**

June 22, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**